IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SHARON KAUFMAN, | ) | Case No.4:09-cv-03087 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **PROTECTIVE ORDER** |
| v. | ) | |
| | ) | |
| CVS PHARMACY, INC. and DAVACO INC., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

WHEREAS the parties hereto have been and may be requested to produce or disclose through discovery certain materials and information which they maintain is and contains privileged trade secrets, proprietary information, other confidential commercial information and/or financial or personal information;

AND WHEREAS other parties hereto, while not specifically conceding the privileged or confidential nature of said materials or the consequences of their public disclosure, are being permitted to inspect and obtain said materials and information for use in the course of this litigation;

IT IS THEREFORE ORDERED  that:

1.      All written materials produced or disclosed by Plaintiffs and Defendant during pretrial discovery in this action (including, but not limited to, disclosures made pursuant to the Rules of Civil Procedure, answers to interrogatories, responses to requests for production,

responses to requests for admissions, and deposition testimony and deposition exhibits) that are designated as "SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL" ("Protected Material") shall be revealed only as provided herein. By entering this Consent Protective Order, the Court does not intend to create any presumption with regard to the actual confidentiality of any material, or to alter the normal burden of proof necessary for obtaining a protective order from the Court. Any dispute between the parties as to the confidentiality of any specific material shall be resolved pursuant to paragraph 2 of this Consent Protective Order.

2. If a party contests the assertion that any protected material qualifies as "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER", pursuant to this Consent Protective Order, the contesting party shall notify in writing counsel for the producing or disclosing party and identify the material which is contested. Upon such written notification, the producing or disclosing party shall have thirty (30) days to file a Motion for Protective Order with respect to the contested material. The confidentiality of the contested material shall be maintained in accordance with this Consent Protective Order until and unless the Court rules that the contested material is not entitled to such protection. As to any contested materials for which a Motion for Protective Order is not made or the requested relief is denied, that material shall be deemed outside the scope of this Protective Order.

3. A party's attorney may distribute materials protected by this Consent Protective Order or share information obtained from materials protected by this Consent Protective Order with the following categories of persons and no others, except by further order of the Court:

    a. the parties in this case, including their employees, after the attorney has

PRV 1029200.1

        first received a signed NON-DISCLOSURE AGREEMENT in the form of Exhibit "A", signed by the person receiving the material or information;

    b.    members of the legal or support staff of a party's attorneys;

    c.    experts and consultants retained by a party's attorneys to assist in the evaluation, preparation or testimony in this case, after the attorneys have received a signed NON-DISCLOSURE AGREEMENT in the form of Exhibit "A", signed by the person receiving the material or information; by signing this document the attorney agrees to monitor and control the use of the documents by that party's experts and consultants;

    d.    the Court, the Court's personnel, witnesses at trial and the jury; and

    e.    a non-party witness at a deposition after such witness signs the NON-DISCLOSURE AGREEMENT in the form of Exhibit "A" attached hereto. If the witness refuses to sign the NON-DISCLOSURE AGREEMENT, such witness may be shown the protected document and examined on it, but such document and all testimony relating to such document shall be provided only to those persons otherwise entitled to such protected material pursuant to Paragraph 3(a) through 3(d) of this Order, and shall not be retained by such witness. It shall be the burden of the attorneys sharing the confidential materials to have the non-disclosure agreement executed by those present.

4.    In any document or motion to be filed with the Court, prior to making reference to or appending a document designated as "confidential" by another party under this Protective

Order, and prior to referencing or disclosing any information provided or contained within any such "confidential" document, a party shall provide notice to all parties and to the Court by e-mail, U.S. mail, or airborne of its intent to reference or append such document or to disclose such information prior to the filing, along with copies of the confidential documents it proposes to file or disclose to the Court with the notation that are being filed under seal.  The producing or disclosing party which designated the document "confidential" may then object by providing notice of its objection to all parties, and by filing an appropriate motion with the Court to seek adequate protections relating to the confidentiality of the document or information at issue.  Upon receiving notice of such objection, the party wishing to append the document or reference the information at issue shall not submit the document or disclose the information to the Court until the objection or motion is ruled upon by the Court.

5.     Upon the exchange of trial exhibits, if a party designates as a trial exhibit a document identified by another party as "confidential" under this Protective Order, the party that designated the document as confidential hereunder expressly reserves all rights to file an appropriate motion with the Court to seek adequate protections relating to the confidentiality of such document.  Upon the filing of such a motion, a party may not disclose or submit the "confidential" exhibit at trial until such motion is addressed by the Court.

6.     In the event that any party, attorney, or expert witness in this case (a) is served with a subpoena in another action, or (b) is served with a demand in another action to which he or she is a party, or (c) is served with any other legal process by one not a party to this litigation seeking protected material, that person shall give prompt written notice of such event to counsel

of record for the producing or disclosing party.  The producing or disclosing party shall assume responsibility for preserving and prosecuting any objection to the subpoena or demand.  The person served shall be obligated to cooperate to the extent necessary to preserve the confidentiality of the protected material until ruled upon by a court of competent jurisdiction.

Should the person seeking access to the protected material take action to enforce such a subpoena, demand, or other legal process, the person so served shall set forth in his response the existence of this Consent Protective Order and shall decline access to the protected material in the absence of an order issued by a court of competent jurisdiction.  Nothing herein shall be construed as requiring the receiver to challenge or appeal any order requiring production of protected material, or to subject himself to any penalty for noncompliance with any legal process or to seek any relief from the Court.

7. Inadvertent production by any party of protected material, not marked 'SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL", shall not constitute a waiver of its confidential nature.  Any such material and any copy made of it shall be returned to the producing party immediately upon their request for stamping by the producing party or stamped by the receiving party.  Production of protected material by any party at trial shall not constitute a waiver of the provisions of this Consent Protective Order.

8. Nothing herein shall be deemed to limit any party's rights to discovery in connection with this action, or to restrict the prosecution, defense or settlement of this litigation.

PRV 1029200.1

9. The provisions of this order shall not terminate at the conclusion of this action. After final conclusion of all aspects of this litigation, all originals and copies of material subject to this Protective Order which are in a party's possession shall be returned to the party or person which produced the documents or, to the extent documents contain confidential notes of the receiving party or attorney, such documents may be destroyed. Counsel of record shall deliver certification of compliance to the counsel for the party who produced the documents within sixty (60) days after final termination of this litigation, indicating that the documents have either been returned or destroyed.

10. This order may be modified by the Court <u>sua sponte</u>, or upon motion of the parties, for good cause shown.

DATED this 14th day of October, 2009.

BY THE COURT:

*Richard G. Kopf*
United States District Judge

PRV 1029200.1

EXHIBIT "A"

NONDISCLOSURE AGREEMENT

I hereby acknowledge that I have read the terms and conditions of the Consent Protective Order entered by the court in the above-captioned matter on _____, 2009, understand the terms thereof, and consent to be bound by such terms. Further, by executing this Nondisclosure Agreement, I hereby consent to the jurisdiction of the above-captioned court for the limited purpose of enforcing the terms of the Consent Protective Order.

In the event of breach of this Agreement, I recognize that the producing or Disclosing party may pursue all civil remedies, including contempt of court, available to it as a third-party beneficiary of this Agreement.

Dated:_____, 2009

AGREED TO:

_____
Joel D. Nelson
Keating O'Gara, Nedved & Peter, P.C., L.L.O.
530 South 13th Street, Suite 100
Lincoln, NE 68508

*Attorney for Plaintiff*

_____
David A. Dudley, Esq.
Baylor, Evnen, Curtiss, Grimit & Witt, LLP
1248 "O" St., Suite 600
Lincoln, NE 68508
Telephone: 402.475.1075

*Attorney for Defendants*